135 Pa. Commonwealth Ct. 134 (1990)
580 A.2d 893
NATIONAL SOLID WASTES MANAGEMENT ASSOCIATION, Petitioner,
v.
Robert P. CASEY, Governor of the Commonwealth of Pennsylvania and Commonwealth of Pennsylvania, Department of Environmental Resources, Respondents.
Commonwealth Court of Pennsylvania.
Argued May 2, 1990.
Decided September 11, 1990.
Reargument Denied October 11, 1990.
*138 William J. Winning, Curran, Winning & Fioravanti, P.C., Media (Bruce J. Parker and John H. Turner, Legal Dept. of Nat. Solid Wastes Management Ass'n., of counsel), for petitioner.
Amy L. Putnam, Deputy Gen. Counsel, with her, Richard D. Spiegelman, Executive Deputy Gen. Counsel, James J. Haggerty, Gen. Counsel, Gwendolyn T. Mosley, Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., and Ernest D. Preate, Jr., Atty. Gen., for respondents.
Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, SMITH and PELLEGRINI, JJ.
*139 PELLEGRINI, Judge.
The National Solid Wastes Management Association (Association) has petitioned this Court for relief from an executive order, No. 1989-8, issued by Governor Robert P. Casey on October 17, 1989, and published on October 28, 1989, in The Pennsylvania Bulletin. The Association asserts that this executive order constitutes a violation of the separation of powers because it allegedly represents impermissible legislation which effectively amends the Commonwealth's resource recovery facility regulatory scheme. The Association seeks a declaratory judgment that the order is unconstitutional or invalid and an injunction against the order's implementation. The Association also seeks mandamus relief compelling the Department of Environmental Resources to comply with the statutorily mandated resource recovery facility permit application process. Before this Court are the preliminary objections of the Governor and the Department of Environmental Resources to the Association's petition for review. We overrule the preliminary objections in part and sustain them in part.
The Governor issued an executive order instructing the Department of Environmental Resources (Department) to cease reviewing applications for resource recovery facility permits and thereby institute an interim moratorium on the issuing of new permits to these facilities, to establish maximum and average waste volume limitations for these facilities, and to require that 70% of the waste volume received by these facilities be generated within Pennsylvania. The Governor cited Article I, Section 27 of the Pennsylvania Constitution, as well as the Solid Waste Management Act, Act of July 7, 1980, as amended, 35 P.S. §§ 6018.101  6018.1003, and the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, 53 P.S. §§ 4000.101  4000.1904 as authority for his action. The Association, which is a not-for-profit trade association dedicated to protecting the interests of the waste management industry and which has two hundred members enrolled in its Pennsylvania chapter, alleges that the Governor's *140 order contravenes the separation of powers by violating Article II, Section 1 and Article IV, Section 2 of the Pennsylvania Constitution. The Association contends that by impermissibly legislating amendments to the Commonwealth's resource recovery facilities' regulatory scheme, the Governor's action derogates the Solid Waste Management Act, the Municipal Waste Planning, Recycling and Waste Reduction Act, and the Department's Municipal Waste Regulations, 25 Pa.Code §§ 271.1  285.222, and in turn harms the operations of the thirty or more waste facilities in Pennsylvania operated by Association members.
The Governor and the Department preliminarily object to the Association's petition for review, asserting that this Court is without jurisdiction to hear this matter both because of the Association having improperly served the petition for review by which this action was initiated and because the members of the Association purportedly affected by the order have failed to exhaust their administrative remedies. The Governor and the Department additionally submit the Association lacks standing to bring this action and that its claim is not legally cognizable.

I
Because failure to comply with Pa.R.A.P. 1514(c), which requires service of copies of a petition for review of a government unit decision to be accomplished either in person or by certified mail, see McNeilis v. Department of Transportation, 119 Pa.Commonwealth Ct. 272, 546 A.2d 1339 (1988), would alone divest this Court of jurisdiction to hear the instant action, Bronson v. Filipi, 107 Pa.Commonwealth Ct. 590, 528 A.2d 1060 (1987), we first address whether the Association's initial service and later attempt to cure its improper service of its petition for review were adequate to invoke the jurisdiction of this Court properly.[1]
*141 The Association's petition for review was filed with this Court on January 5, 1990, and was served by first class mail on the Governor and the Department. On January 23, 1990, a Deputy Attorney General entered an appearance for both the Governor and the Department, and proceeded to file preliminary objections to this action on February 7, 1990. On February 9, 1990, the Association served the petition for review by certified mail on the Governor and the Department. Failure to effect service as prescribed by Pa.R.A.P. 1514(c) is an amendable defect, and we accept the Association's later service as curative. Blackwell v. State Ethics Commission, 125 Pa.Commonwealth Ct. 42, 45, 556 A.2d 988, 991 (1989). The objection as to service is overruled.[2]

II
The Governor contends that this matter is not properly before this Court because the Association's members have failed to exhaust their administrative remedies. The exhaustion requirement is a judge-made rule intended to prevent premature judicial intervention into the administrative process. Baker v. Commonwealth of Pennsylvania, Human Relations Commission, 75 Pa.Commonwealth Ct. 296, 462 A.2d 881 (1983), aff'd as modified, 507 Pa. 325, 489 A.2d 1354 (1985). To that end, it is appropriate to defer judicial review where the question presented is one within an agency specialization and where the administrative remedy is likely to produce the desired result. However, the doctrine that administrative remedies must first be exhausted is not so inflexible as to bar either legal or equitable *142 jurisdiction where the available administrative remedy is inadequate to alleviate the injuries sustained. Ohio Casualty Group of Insurance Companies v. Argonaut Insurance Co., 514 Pa. 430, 525 A.2d 1195 (1987), Feingold v. Bell of Pennsylvania, 477 Pa. 1, 383 A.2d 791 (1977). In particular, the exhaustion of administrative remedies is not required where the jurisdiction of an agency is challenged, Cope v. Bethlehem Housing Authority, 501 A.2d 1178, reconsidered, 95 Pa.Commonwealth Ct. 99, 514 A.2d 295 (1985), or where a statutory scheme's constitutionality or validity is being challenged. Barr v. State Real Estate Commission, 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987).
Central to the issue of whether the Association must exhaust its administrative remedies is the characterization of an executive order. In Shapp v. Butera, 22 Pa.Commonwealth Ct. 229, 348 A.2d 910 (1975), we identified three types of executive orders: (1) formal, ceremonial, political orders, usually issued as proclamations; (2) orders which communicate to subordinate officials "requested or suggested directions for the execution of the duties of the Executive Branch of government;" (3) orders which serve to implement or supplement the constitution or statutes. Only the third class of orders create legally enforceable rights and therefore have the force of law, Pagano v. Pennsylvania State Horse Racing Commission, 50 Pa. Commonwealth Ct. 499, 413 A.2d 44 (1980); only the third class either are authorized by our Constitution or are promulgated pursuant to statutory authority. The authority for an executive order may stem from a specific constitutional or statutory provision or by way of necessary implication. Butera, 22 Pa.Commonwealth Ct. at 235, 348 A.2d at 913.
Consequently, an action invoking judicial review may only be brought with respect to the third class of orders because these orders involve legally cognizable issues and the others pertain to political, and hence, non-justiciable issues. Robinson v. Shapp, 23 Pa.Commonwealth Ct. 153, 350 A.2d 464 (1976). Thus, in Pagano, we indicated *143 that for a challenge to an executive order to prevail, it must be shown that the Governor was without the power to issue the order. Accordingly, it must be alleged that the Governor acted in the absence of either legislative mandate or constitutional authority. As this discussion illustrates, we have treated this third class of orders in a fashion similar to that of a departmental regulation, and characterize them as such.
Challenges to regulations both on constitutional grounds and invalidity have been permitted by this Court as proper under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531-7541. In Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission, 67 Pa.Commonwealth Ct. 400, 447 A.2d 675 (1982), aff'd 501 Pa. 71, 459 A.2d 1218 (1983), we held that "[d]eclaratory judgment is the proper procedure to determine whether a statute violates the constitutional rights of those it affects." 67 Pa.Commonwealth Ct. at 410, 447 A.2d at 679. Similarly, this Court in Spooner v. Secretary of the Commonwealth, 114 Pa.Commonwealth Ct. 352, 539 A.2d 1 (1988), held that declaratory judgment is an appropriate procedure by which to challenge, as here, both the propriety and the power to issue a regulation. As this Court in Spooner pointed out, the Declaratory Judgments Act provides that it should be used to "settle and to afford relief from uncertainty and insecurity with respect to the rights, status and other legal relations and should be liberally construed . . ." 42 Pa.C.S. § 7541(a). In Pennsylvania Association of Life Underwriters v. Department of Insurance, 29 Pa.Commonwealth Ct. 459, 371 A.2d 564 (1977), aff'd 482 Pa. 330, 393 A.2d 1131 (1978), this Court also assumed original jurisdiction to determine whether the Pennsylvania Insurance Commissioner had authority under the Insurance Unfair Practices Act, Act of June 5, 1947, P.L. 445, to promulgate certain regulations.
Because the Association's claim is premised on a constitutional violation and because that claim alleges both that the substance of the order violates the legislated regulatory scheme and that the Governor was without *144 either constitutional or statutory authority to issue an order effectively altering that scheme, we must find that an action for declaratory judgment is the appropriate procedure by which to resolve the instant matter. Accordingly, we must overrule the Governor and the Department's objection that the Association members must exhaust their administrative remedies prior to invoking this Court's jurisdiction to obtain a declaratory judgment.
By means of a declaratory judgment, the resolution of the question of the executive order's validity neither causes us to prejudge issues that are committed for initial resolution to an administrative forum nor establish in advance the merits of any determination regarding a permit application. Department of General Services v. Frank Briscoe Co., Inc., 502 Pa. 449, 466 A.2d 1336 (1983). Similarly, the injunctive relief that would be issued should the declaratory judgment find the executive order invalid is not dependent upon an exhaustion of administrative remedies. Hayes v. City of Scranton, 354 Pa. 477, 47 A.2d 798 (1946). And finally, relief in mandamus is simply not predicated upon the exhaustion of administrative remedies. Kusza v. Maximonis, 363 Pa. 479, 70 A.2d 329 (1950). The objection must be overruled as to all counts.

III
In determining whether the Association has standing to maintain this action, we are mindful that an association may have standing even in the absence of injury to itself. An association may have standing solely as the representative of its members and may initiate a cause of action if its members are suffering immediate or threatened injury as a result of the contested action. Paratransit Association of Delaware Valley, Inc. v. Yerusalim, 114 Pa.Commonwealth Ct. 279, 538 A.2d 651 (1988); Concerned Taxpayers of Allegheny County v. Commonwealth, 33 Pa.Commonwealth Ct. 518, 382 A.2d 490 (1978). Accordingly, in order for an association to have standing, it must allege that its members, or at least one of its members, has *145 or will suffer a "direct, immediate and substantial injury" to their interest as a consequence of the challenged action. In Re Family Style Restaurant, Inc., 503 Pa. 109, 468 A.2d 1088 (1983); Sierra Club, Pennsylvania Chapter v. Hartman, 130 Pa.Commonwealth Ct. 100, 567 A.2d 339 (1989); Citizens for State Hospital v. Commonwealth, 123 Pa. Commonwealth Ct. 150, 553 A.2d 496 (1989); Concerned Taxpayers, supra.
The declaratory judgment claim brought by the Association is founded upon the harm to be suffered by its members should the Department fully implement the alleged alterations to the Commonwealth's resource recovery facility regulatory scheme propounded by the Governor's order. The Association has pled the immediacy of the order's implementation by averring actions taken by the Department's refusal to determine whether permit applications are administratively complete and its return to Association members of their applications for new permits or expansion of existing permits pending their submission of additional information and the revising of their applications in conformity with the executive order.
The Association has shown the immediacy of its members' interest by averring that the Department has notified them of its intent to modify allowable waste volume limitations consistent with the executive order. The Association has particularly averred that the reduction in out-of-state waste volume resulting from the order's requirement that at least 70% of a site's waste volume must be generated in Pennsylvania is adverse to the interest of the Association's members.
The Association has not only pled a discernibly adverse effect upon its members from the executive order because of the Department's actions, but has also pled the immediacy of the order's effect by averring that its members have made permit applications for new municipal waste landfills and for the expansion of existing landfills.
Since the granting of a declaratory judgment is discretionary and not a matter of right, Ronald H. Clark, Inc. v. *146 Township of Hamilton, 128 Pa.Commonwealth Ct. 31, 562 A.2d 965 (1989) and since the Association has pled that its members are suffering direct, immediate and substantial injury, William Penn Parking Garage v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975), from the allegedly impermissible legislative action which Executive Order 1989-8 purportedly represents, we overrule the Governor and the Department's objections as to the Association's standing to bring this action under the Declaratory Judgments Act. We must, however, sustain the preliminary objection to standing insofar as it relates to the mandamus count.
Mandamus is designed to compel performance of a mandatory act where the petitioner has a clear right, there is a corresponding duty, and the petitioner demonstrates a lack of an adequate remedy at law. Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh, 92 Pa.Commonwealth Ct. 646, 500 A.2d 211 (1985). The Association has alleged that Section 1 of the executive order contravenes the express statutory period for making permit determinations upon the filing of a completed application, 53 P.S. § 4000.512, and that Sections 1 and 2 of the order contravene the express statutory procedures for devising waste volume limits tailored to a given facility, 53 P.S. § 4000.1112.
While the Association members all have an interest in the Department's processing permit applications and devising waste volume limitations both in accordance with statutorily prescribed procedures, this interest does not afford the Association standing to bring this action in mandamus. Mandamus is a remedy that requires a public official to perform a nondiscretionary act in relation to a specific event. In this case such an act would be to issue a specific permit to a specific facility operator. The Association has no interest in its members' permits and accordingly does not have standing to compel the Department to issue *147 any permit even those wrongfully withheld.[3]

IV
The Governor and the Department preliminarily object by way of demurrer that the Association cannot maintain this action because they contend that the Governor has the power to issue this executive order pursuant to Article I, Section 27 of the Pennsylvania Constitution, as well as the Solid Waste Management Act. We do not need to address the demurrer's effect with respect to the mandamus count since that count must be dismissed because of our conclusion that the Association lacks standing to seek mandamus.
Insofar as the Declaratory Judgment count is concerned, the Association has pled facts sufficient to withstand the demurrer that the Governor did not have the power to take all or certain parts of the actions contained in the executive order. We will, therefore, overrule the Governor and the Department's demurrer as to this count.
We will, however, sustain the demurrer as to Count I, the Separation of Powers count. We do not believe that the Association has pled sufficient facts that the Governor's order contravenes the separation of powers by violating Article II, Section 1 and Article IV, Section 2 of the Pennsylvania Constitution. Its allegations only indicate that the Governor either exceeded or was without power to issue the executive order.
An appropriate order follows overruling the preliminary objections in part and sustaining them in part.

ORDER
AND NOW, this 11th day of September, 1990, upon consideration of the argument on the Respondent's preliminary objections, it is hereby ordered that:
*148 (1) The preliminary objection contending that this Court is without jurisdiction because of Petitioner's initially improper service of the petition for review is overruled.
(2) The preliminary objection contending that this Court is without jurisdiction because of Petitioner's failure to exhaust administrative remedies is overruled.
(3) The preliminary objection contending that Petitioner lacks standing to bring this action is overruled with respect to Count III, seeking declaratory judgment. This objection is sustained with respect to Count II, seeking mandamus, and accordingly, Count II is dismissed.
(4) The preliminary objection in the nature of a demurrer is overruled with respect to Count III, seeking declaratory judgment. This objection is sustained with respect to Count I, alleging a constitutional violation, and accordingly, Count I is dismissed.
Count III having survived the preliminary objections lodged by Respondent, we now order Respondent to file an answer in this matter on or before October 12, 1990.
PALLADINO, Judge, dissenting.
I must respectfully dissent because I believe the National Solid Wastes Management Association (NSWMA) does not have standing to bring this action. Furthermore, this court lacks jurisdiction because administrative remedies have not been exhausted.
To have standing, a party must plead facts which establish a direct, immediate and substantial injury. William Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975). An association may have standing, even in the absence of injury to itself, if its members are suffering immediate or threatened injury as a result of a contested action, Concerned Taxpayers of Allegheny County v. Commonwealth, 33 Pa.Commonwealth Ct. 518, 382 A.2d 490 (1978), provided the claimed injury is common to all members of the association. Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). However, if *149 the injury that may be suffered is peculiar to an individual member, or both the fact and extent of the injury would require individualized proof, the association lacks standing to sue. Id.
NSWMA does not set forth any facts showing an immediate or threatened injury to itself or its members, but merely makes the bald assertion that implementation of the executive order will "injure and cause harm to [its] members." Any factual allegations revolve around individual permits issued to NSWMA members. In addition, the alleged injuries are based upon letters from the Department of Environmental Resources (DER) which merely seek information from permit holders and indicate an intent to implement the executive order. These letters do not actually set any new limitations. As a result, any injury is speculative and applicable only to individual permit holders. Accordingly, under Warth NSWMA lacks standing to sue.
Even if we were to assume that NSWMA has standing to sue, there is no controversy ripe for judicial determination. A controversy regarding regulations is ripe only when the regulation has been formally promulgated and is in effect. Arsenal Coal Co. v. Pennsylvania Department of Environmental Resources, 505 Pa. 198, 477 A.2d 1333 (1984); Spooner v. Secretary of Commonwealth of Pennsylvania, 114 Pa.Commonwealth Ct. 352, 539 A.2d 1 (1988). In the present controversy, the executive order is not self-executing, but rather instructs DER to implement the order with "such orders, permit actions, regulations and policies as may be necessary to execute each provision as expeditiously as possible." Executive Order 1989-8 at Provision 5. DER has not issued any new regulations, but has merely requested additional information from individual permittees.
Finally, any implementation of the policies outlined in the executive order against any permittee can be appealed to the Environmental Hearing Board (EHB). Because there is an adequate statutory remedy available, this court should permit the administrative process to work to correct any alleged mistakes, and should not intervene in the action *150 until this process is complete. Ohio Casualty Group of Insurance Companies v. Argonaut Insurance Co., 514 Pa. 430, 525 A.2d 1195 (1987).
Accordingly, I would sustain the preliminary objections and dismiss the complaint.
DOYLE and SMITH, JJ., join in this dissent.
NOTES
[1] When we are confronted in our original jurisdiction by procedural questions not addressed by the rules of appellate procedure, we may rely on the rules of civil procedure. Pa.R.A.P. 106. Moreover, we note that although there has been rigid adherence to the methods of procedure proscribed for service of process, there has also been adherence to the admonition that procedural rules should be liberally construed, and that at each stage of litigation, the courts may disregard any error or defect or procedure which does not affect the substantial rights of the parties. First National Bank and Trust Co. v. Anderson, 7 Pa. D & C 3rd 627 (1977).
[2] Because the Association did indeed serve its petition for review by certified mail and because the Governor and the Department have sustained no prejudice on account of any technical noncompliance with the appropriate service under Pa.R.A.P. 1514(c), we may disregard the Association's originally defective service. Pa.R.C.P. No. 126; Bartanus v. Lis, 332 Pa.Superior Ct. 48, 480 A.2d 1178 (1984).
[3] We note that the Association's members have no right to a permit. See Replogle v. Commonwealth of Pennsylvania, Liquor Control Board, 514 Pa. 209, 523 A.2d 327 (1987); Zupancic v. Snowden Township, 387 Pa. 135, 127 A.2d 461 (1956) (rehearing denied).