**Roger JOCHEN, Petitioner,**

v.

**Martin F. HORN, Frederick K. Frank, Clinton R. Myers, the State Correctional Institution at Huntingdon, the Department of Labor and Industry and the Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 26, 1999.

Decided March 30, 1999.

---

Roger Jochen, petitioner, pro se.

Karen L. Galli, Harrisburg, for respondent, Labor and Industry.

Mark E. Guzzi, Camp Hill, for respondent, Dept. of Corrections.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before this Court are the preliminary objections in the nature of a demurrer filed by Martin F. Horn, Frederick K. Frank, Clinton R. Myers, the State Correctional Institution at Huntingdon (SCI Huntingdon) and the Department of Corrections,[1] as well as the preliminary objections in the nature of a demurrer filed by the Department of Labor and Industry (L & I), in response to a *pro se* amended petition for review filed by Roger Jochen and George Feigley (Petitioners), seeking declaratory and/or injunctive relief. We hereby grant the demurrer of DOC and L & I.

Petitioner Jochen, while an inmate SCI Huntingdon, commenced the instant action on October 15, 1998, by filing a petition for review in this Court's original jurisdiction.[2] Petitioner Feigley, another inmate at SCI Huntingdon, then filed a petition to intervene on October 30, 1998.[3] On November 24, 1998, Petitioners served DOC and L & I with an amended petition for review. On November 30, 1998, Petitioners filed their amended petition for review with this Court. Subsequently, by order of this Court dated December 2, 1998, Petitioner Feigley's petition to intervene was granted.

Before we proceed, a brief recital of the facts preceding the instant action is necessary. In 1992, Raynor Colonna, an inmate incarcerated at SCI Huntingdon, filed an informal complaint with L & I concerning fire safety conditions at the institution. L & I then proceeded to perform an inspection at SCI Huntingdon. Following that inspection, L & I issued thirty-two orders citing 291 violations of the Act of April 27, 1927, P.L. 465, *as amended*, 35 P.S. §§ 1221–1235.1 (commonly referred to as the Fire and Panic Act)[4] and ordering DOC to correct the violations by August of 1992. Since that time, DOC has requested and received from L & I variances from the orders as well as extensions of time to comply with said orders. Further, DOC has made numerous alterations at SCI Huntingdon in an effort to comply with the orders.

Turning our attention back to the petition before us, Petitioners' amended petition for review asserts that L & I has allowed SCI Huntingdon to continue to operate in serious violation of the Act, thereby threatening the safety of the prisoners confined therein. Petitioners also assert that L & I has failed to enforce the provisions of the Act. Additionally, Petitioners assert that DOC has shown deliberate indifference to the lives and safety of the inmates at SCI Huntingdon, in violation of the guarantees of the Pennsylvania Constitution. Further, Petitioners assert that officials at SCI Huntingdon have engaged in intimidation and retaliatory behavior in response to the filing of their amended petition for review.

Petitioners seek an order from this Court requiring DOC to comply with the Act, to refrain from moving prisoners into portions of the institution that are unsafe and/or lack occupancy permits and to allow inmates to retain fire-retardant drapes in their cells. Petitioners also seek an order from this Court requiring L & I to fully enforce the provisions of the Act.

In response to Petitioners' amended petition for review, both DOC and L & I filed preliminary objections in the nature of a

---

1. For purposes of brevity, these named individuals, as well as SCI Huntingdon and the Department of Corrections, will hereafter be collectively referred to as DOC.

2. Petitioner Jochen has since been transferred to the State Correctional Institution at Chester.

3. Charles Turiano, another inmate at SCI Huntingdon, also filed a petition to intervene at the same time. However, this petition was denied by order of this Court dated December 2, 1998. Further, we note that Petitioner Feigley has since been transferred to the State Correctional Institution at Smithfield.

4. The Fire and Panic Act will hereafter be referred to simply as the Act.

demurrer.[5] Both DOC and L & I aver in their demurrers that Petitioners lack standing to bring the instant action. More specifically, both DOC and L & I aver that Petitioners have failed to allege that they have suffered any injury as a result of the violations of the Act. DOC also avers that Petitioners have failed to set forth a cause of action with respect to their asserted violations of the Pennsylvania Constitution. Further, both DOC and L & I aver that Petitioners have failed to exhaust all available and adequate administrative remedies available to them.

We will address this latter issue first. The doctrine of exhaustion of administrative remedies requires a party to exhaust all adequate and available administrative remedies before the right of judicial review arises. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 546 Pa. 315, 684 A.2d 1047 (1996). The doctrine is a court-made rule intended to prevent premature judicial intervention into the administrative process. *National Solid Wastes Management Association v. Casey*, 135 Pa.Cmwlth. 134, 580 A.2d 893 (1990), *affirmed*, 533 Pa. 97, 619 A.2d 1063 (1993).

A court is "to defer judicial review where the question presented is one within an agency specialization and where the administrative remedy is likely to produce the desired result." *Id.*, 580 A.2d at 897. Moreover, this doctrine operates as a restraint on the exercise of a court's equitable powers and a recognition of the legislature's direction to comply with statutorily-prescribed remedies. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982).

L & I is charged with enforcing the Act. L & I administers the Act through its Bureau of Occupational and Industrial Safety (BOIS) and its Industrial Board (Board). The Board is independent of BOIS and regularly hears appeals from orders issued by BOIS. L & I, through the Board, is permitted to grant extensions of time and variances from BOIS orders in carrying out its enforcement responsibilities under the Act. *See* Section 2214(d) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 574(d); 34 Pa.Code § 49.15.

In the instant case, the Board has issued numerous orders granting DOC variances and extensions of time in which to comply with L & I's original 1992 orders. Pursuant to 2 Pa.C.S. § 702, any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in that adjudication has a right to appeal the adjudication to a court vested with jurisdiction. This Court's appellate jurisdiction over the subject matter may be evoked by filing a petition for review of an appealable order within thirty days of the entry of that order. *See* Pa. R.A.P. 1512(a)(1). Petitioners have not filed any such appeals in this case.

Moreover, in carrying out its enforcement duties under the Act, L & I has subjected all of its enforcement proceedings, with limited exceptions not applicable in the instant case, to the general rules of administrative practice and procedure. Under these general rules, Petitioners have available to them several other administrative procedures. For example, Petitioners could file the following with the Board: an informal complaint, 1 Pa.Code § 35.5; a formal complaint, 1 Pa. Code § 35.9; a protest in an action already under consideration regarding Act violations, 1 Pa.Code § 35.23; or a petition to intervene in a pending action, 1 Pa.Code § 35.30.

Petitioner Jochen's efforts in this regard have been limited to writing a letter to L & I in order to discover how he should proceed. At most, this letter can be described as an informal complaint. Petitioner Jochen has sought no other available administrative procedures. Petitioner Feigley did file a formal complaint with L & I. However, prior to receiving an adjudication from L & I regarding this complaint, Petitioners filed their

---

5. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Myers v. Ridge*, 712 A.2d 791 (Pa.Cmwlth. 1998). The question presented by a demurrer is whether, on the facts alleged, the law says with certainty that no recovery is possible. *See Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993).

amended petition for review with this Court. By seeking judicial review, Petitioner Feigley was attempting to circumvent the administrative process.

Additionally, Petitioner Feigley did file a petition to intervene in an action before L & I regarding violations of the Act at SCI Huntingdon. This petition was ultimately denied by L & I. However, in denying his petition, L & I advised Petitioner Feigley of his ability to file protests to any application by DOC seeking a variance or an extension of time relating to L & I's original 1992 orders.

With respect to Petitioners' constitutional claims, Petitioners assert that DOC has shown deliberate indifference to the lives and safety of the inmates at SCI Huntingdon, in violation of unspecified guarantees of the Pennsylvania Constitution. However, it would appear from Petitioners' use of the phrase "deliberate indifference" that they are referring to the guarantee against cruel and unusual punishment contained in Article I, Section 13 of the Pennsylvania Constitution.

■ The phrase "deliberate indifference" is the legal standard by which courts adjudicate cases concerning alleged unconstitutional conditions of confinement brought under the Eighth Amendment to the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protections than that afforded under the Eighth Amendment to the United States Constitution. *See Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458 (1992).

■ In order to establish that DOC was deliberately indifferent to Petitioners' health and safety, Petitioners must, at a minimum, allege that DOC knew of and disregarded an excessive risk to their health or safety. *See Farmer*. Petitioners' amended petition for

review lacks any allegations that DOC was aware of facts from which it could infer a substantial risk of serious harm to Petitioners or that DOC actually drew such an inference and disregarded the same.

■ DOC does not dispute that it was aware of certain violations of the Act at SCI Huntingdon as a result of L & I's original 1992 orders. The mere existence of these violations, however, does not automatically translate into a substantial and imminent threat to Petitioners' health or safety. Moreover, DOC requested and received from L & I lawful variances and extensions of time within which to comply with the orders. If the violations posed a substantial and imminent threat to Petitioners' health and safety, L & I would not have granted those requests and would have moved to prevent further occupancy as required by Section 1 of the Act, 35 P.S. § 1221. Hence, we must grant the preliminary objections in the nature of a demurrer filed by DOC and L & I.[6]

Accordingly, Petitioners' amended petition for review is dismissed.

### *O R D E R*

AND NOW, this 30th day of March, 1999, upon consideration of the preliminary objections filed by Martin F. Horn, Frederick K. Frank, Clinton R. Myers, the State Correctional Institution at Huntingdon, the Department of Labor and Industry and the Department of Corrections, said preliminary objections are granted and the amended petition for review filed by Roger Jochen and intervenor George Feigley is dismissed.

---

**6.** As we have determined that a grant of the preliminary objections of DOC and L & I is proper for the aforementioned reasons, we need not reach the additional averment regarding standing raised by DOC and L & I.