**HEFFNER FUNERAL CHAPEL & CREMATORY, INC., Ernie Heffner, Licensed Funeral Director, and Scureman Funeral Home, Inc., Petitioners,**

v.

**DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, and State Board of Funeral Directors, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 1, 2003.
Decided May 22, 2003.

James J. Kutz, Harrisburg, for petitioners.

Clifford D. Swift, Harrisburg, for respondent.

BEFORE: COHN, Judge, LEAVITT, Judge and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

Before this Court in our original jurisdiction are the preliminary objections of the Department of State, Bureau of Professional Occupational Affairs (Bureau) and the State Board of Funeral Directors (Board)[1] to a Petition for Review in the Nature of an Action for Declaratory Judgment. In their preliminary objections, Respondents argue that this Court lacks original jurisdiction over the Petition for Review because Petitioners failed to exhaust administrative remedies, and because the petition fails to state a claim upon which relief may be granted. For the reasons that follow, we sustain the jurisdictional preliminary objection and dismiss the Petition for Review.

Petitioners are Ernie Heffner (Heffner), as well as the two funeral homes he is associated with, Heffner Funeral Chapel & Crematory, Inc. (Heffner Funeral), of which he is owner and Funeral Director, and Scureman Funeral Home, Inc. (Scureman), of which he is the president.[2]

The case arises from subpoena requests issued in October 2002 to Scureman by the Board. In these subpoena requests, the Board directed Scureman to provide all documents relating to pre-need contracts[3] Scureman had entered into with several individuals. Scureman representatives requested that the Board forward to them the underlying complaints that provided the *prima facie* basis for the subpoena request. The Board refused to forward the complaints, and, in response, Scureman declined to provide the information requested in the subpoenas. Respondents filed a Motion to Enforce the subpoenas, which we previously addressed at No. 842 M.D.2002. In our order addressing the Motion to Enforce, we required the Board to turn over to Petitioners the underlying complaints.

Petitioners initiated the instant Declaratory Judgment proceeding on November 8, 2002, during the pendency of the Motion to Enforce, challenging: (1) the processes through which the Board secures investigatory administrative subpoenas, and (2) Respondents' position that Petitioners are not entitled to receive information regarding the complaints leveled against them when the subpoenas are issued.[4] Petitioners ask the Court to declare that: (1) 1 Pa.Code § 35.9 requires the Bureau to provide copies of formal complaints to those licensees who are accused of wrongdoing; (2) the Bureau must make available to those licensees that it is investigating copies of any application that has provided the alleged *prima facie* basis for issuance of the investigatory subpoena pursuant to Section 2 of the Act of July 2, 1993, P.L. 345, 63 P.S. § 2202; (3) investigations and inspections cannot be performed unless the

---

1. Collectively, we refer to the Bureau and Board as the Respondents.

2. Collectively, we refer to these parties as Petitioners.

3. Pre-need contracts address the provision of future funeral services, that is, the making of arrangements prior to a person's demise.

4. Although the subpoenas that gave rise to the instant action were not directed toward Heffner Funeral in the Petition for Review, Petitioners explain why Heffner Funeral participated in initiating this proceeding:

21. Each of the three Petitioners identified in this lawsuit have [sic] been the subject of investigations and the issuance of subpoenas on numerous occasions in the past.
22. In addition each of the Petitioners is currently involved in investigations which have been commenced by the Bureau wherein the Bureau is either seeking statements from the Petitioners and/or documents from the Petitioners.
(Petition for Review in the Nature of an Action for Declaratory Judgment, p. 6.)

individual assigned by the Bureau to do so is a funeral director; and (4) 63 P.S. § 2202 on its face and as applied violates provisions relating to due process in the Pennsylvania and Federal Constitutions.[5]

■■■ Respondents have filed preliminary objections to Petitioners' Declaratory Relief Petition,[6] arguing primarily that Scureman has failed to exhaust administrative remedies.[7]

The doctrine of exhaustion of administrative remedies requires a party to exhaust all adequate and available administrative remedies before the right of judicial review arises. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 546 Pa. 315, 684 A.2d 1047 (1996). The doctrine is a court-made rule intended to prevent premature judicial intervention into the administrative process. *National Solid Wastes Management Association v. Casey*, 135 Pa.Cmwlth. 134, 580 A.2d 893 (1990), *affirmed*, 533 Pa. 97, 619 A.2d 1063 (1993).

A court is "to defer judicial review where the question presented is one within an agency specialization and where the administrative remedy is likely to produce the desired result." *Id.*, 580 A.2d at 897. Moreover, this doctrine operates as a restraint on the exercise of a court's equitable powers and a recognition of the legislature's direction to comply with statutorily-prescribed remedies. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982).

*Jochen v. Horn*, 727 A.2d 645, 648 (Pa. Cmwlth.1999). Petitioners assert that the doctrine is inapplicable here.

Regarding the doctrine, Respondents argue that in the instant case, Petitioners could have presented their various statutory interpretation and Constitutional arguments through a number of procedural mechanisms before the Board, such as a motion to quash the subpoenas, or a motion to dismiss an appeal. Therefore, Respondents argue that, in accordance with *Faldowski v. Eighty Four Mining Co.*, 725 A.2d 843, 846 (Pa.Cmwlth.1998), the exhaustion doctrine requires Petitioners to raise these arguments initially before the Board before presenting them to this

5. In the instant case, Petitioners acknowledge that our resolution of the underlying Motion to Enforce has addressed the specific facts that gave rise to the instant action. Nonetheless, Petitioners contend that the harm suffered here, the disclosure of information without being given a basis for such a request, is a recurring situation as a result of the Board's misreading of the relevant statutory and code provisions. In support of the recurring nature of the problem, Petitioners note, in their Brief in Opposition to Respondent's Preliminary Objections, that the Board has again served Scureman with a subpoena, with which Scureman has not complied, just as he did not comply with the two subpoenas resulting in the instant case.

In this case, Petitioners have submitted various discovery requests with the Respondents. In response to these requests, Respondents filed an Application for Relief in the Nature of

a Motion for a Protective Order. By Order of this Court dated March 4, 2003, discovery has been stayed for ninety days or until the instant preliminary objections have been addressed, whichever comes first.

6. In deciding preliminary objections, this Court must take as true all well-pleaded and material facts and inferences deduced therefrom. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208, 211 (Pa. Cmwlth.1995). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt as to their certainty should be resolved by a refusal to sustain the preliminary objections. *Id.*

7. Respondents also contend that none of the four issues raised in the Declaratory Judgment Petition are cognizable claims upon which this Court may grant relief.

Court. Citing to *Department of General Services v. Frank Briscoe Company, Inc.,* 502 Pa. 449, 459, 466 A.2d 1336, 1341 (1983), Respondents argue that to allow this declaratory judgment proceeding to continue without having afforded the Board the opportunity to first review these arguments, would impermissibly short-change the administrative process and deprive this Court of the benefit of the Board's own interpretation of these rules.

Petitioners acknowledge that the exhaustion doctrine is designed to prevent a court from prematurely intervening in a case at a point prior to the completion of the administrative process. They assert, however, that because of the broad nature of the relief they are requesting, the doctrine of exhaustion of administrative reme-dies is inapplicable in this case. They argue that they are not seeking to interrupt the administrative process, to enjoin the enforcement or issuance of any subpoena, to enjoin the investigation of Scureman, or to adjudicate the merits of the complaints lodged against them. Rather, Petitioners maintain that they are merely seeking clarification of the scope of the subpoenas and of the critical and fundamental rights of the licensee.[8] They aver that there are no administrative processes or remedies available to them because, once the Bureau obtains a licensee's documents, it is too late to launch a challenge.[9] Additionally, they contend that the Board has treated their challenge to the subpoenas as a basis for discipline, as evidenced by a letter from the Board.[10]

8. As noted in Petitioners' Brief in this action, Petitioners *"do[ ] not* seek to enjoin the issuance of any specific subpoena and ... *do[ ] not* seek to interfere with any specific ongoing administrative process. Instead, the Petition seeks to adjudicate basic rights which are in significant dispute between the parties and which arise on a reoccurring basis." (Petitioners' Brief in Opposition to Respondents' Preliminary Objections. p. 8) (emphasis in original).

9. Petitioners argue that:

Respondents provide no practical analysis as to *how* such avenues will afford the same or similar relief as that requested through the Petition. Frankly, the reason for this omission can be explained easily: filing a motion to quash a subpoena, filing a motion to dismiss some unspecified proceeding and filing an appeal from some unspecified proceeding provides no remedy through which Petitioners can obtain the declaration of rights requested through the Petition. At an absolute minimum, any relief that maybe [sic] afforded through such proceedings is inadequate.

For example, each time that a complaint is lodged against a licensee, the licensee should not have to hope that he or she will be served with an administrative subpoena, that the Bureau will seek to enforce the same in this Court and, thereafter, issue discovery through which the complaint is requested, simply to obtain a copy of the complaint filed with the Board, if, in fact, a licensee is entitled to this information *in the first place....* Neither Petitioners, nor any other licensee, nor this Court should be forced to participate in the convoluted process employed in the action docketed at 842 MD 2002 simply because Respondents refuse to provide a fundamental piece of information to which the licensee is entitled. (Petitioners' Brief at 13–14) (emphasis in original).

10. Petitioners refer to a letter from Board Counsel, Clifford D. Swift to James J. Kutz, Esquire, Counsel for Petitioners, dated January 10, 2003, in which Swift noted that "it appears that Mr. Heffner's refusal to cooperate with the pending investigations constitutes unprofessional conduct and is therefore a continuing violation of the Funeral Director Law." Petitioners cite to the language of this letter as indicating that their pursuit of normal procedures for resolving their subpoena concerns has been interpreted by the Board as constituting unprofessional conduct. *See* Petitioners' Brief at 14.

Petitioners' position belies the fact that they have not pursued, before the Board, any formal action to protect the information request-

■ We agree with Respondents that the doctrine of exhaustion of remedies precludes our consideration of the substantive issues raised in Petitioners' Petition for Review in the Nature of an Action for Declaratory Judgment. Under the doctrine, resolution of these issues, at least initially, must be left for the Board. We have previously noted:

> Where the Legislature provides for mandatory and exclusive statutory remedies, the court is without power to act under the doctrine of exhaustion of administrative remedies, unless those remedies have been exhausted. *Terminato v. Pennsylvania National Ins. Co.*, 538 Pa. 60, 645 A.2d 1287 (1994). The doctrine of exhaustion of administrative remedies promotes the policy of maintaining the integrity of the administrative process. *Brog v. Department of Public Welfare*, 43 Pa.Cmwlth. 27, 401 A.2d 613 (1979).

*Village Charter School v. Chester Upland School District*, 813 A.2d 20, 26 (Pa. Cmwlth.2002). As our Supreme Court has repeatedly stated:

> When the Legislature has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise and broad regulatory and remedial powers to administer that statutory scheme, a court should be reluctant to interfere in those matters and disputes which were intended by the Legislature to be considered, at least initially, by the administrative agency.

*Terminato*, 538 Pa. at 69, 645 A.2d at 1291 (quoting *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 5, 383 A.2d 791, 793 (1977)); *see also Department of General Services v. Frank Briscoe Company, Inc.*, 502 Pa. 449, 459, 466 A.2d 1336, 1341 (1983) (finding that "the declaratory judgment procedure may not be used to prejudge issues that are committed for initial resolution to an administrative forum, any more than it may be used as a substitute to establish in advance the merits of an appeal from that forum."); *Village Charter School*, 813 A.2d at 26–27; *Faldowski*, 725 A.2d at 846 (Pa. Cmwlth.1998) (granting agency preliminary objections and dismissing declaratory judgment on the basis of failure to exhaust administrative remedies because "[t]o hold otherwise would mean that ... in most administrative cases, a declaratory judgment could be used to short-circuit the administrative process and have the law determined without the benefit of the administrative agency first reviewing the matter.")

In the factual circumstances of this case, Petitioners did not actively seek to assert any argument before the Board as to why they should not be required to abide by the subpoena; instead, they left it to the Board to pursue a motion to enforce the subpoenas before this Court. As Petitioners' arguments relate to provisions of the Funeral Director Law, Act of January 14, 1952, P.L. (1951) 1898, *as amended*, 63 P.S. §§ 479.1–479.20, as well as regulations and policies of the Funeral Board, in accordance with *Terminato* and *Feingold*, it is appropriate that Petitioners' constitutional, statutory, and regulatory challenges are first addressed by the Board charged

---

ed. Swift's letter seems directed at Petitioners' unilateral decision to refuse to disclose the requested information, without pursuing a stay or any other formal proceeding *before the Board*. We cannot assume that the Board, if faced with a formal challenge to the subpoenas raised in good faith, would not stay disclosure requirements pending resolution of

the constitutional, statutory and regulatory concerns. The Board's equating of such a good faith action with professional misconduct would certainly provide a basis for pause. However, since Petitioners have repeatedly failed to pursue any formal protective action before the Board, we are not faced with such a situation here.

with the responsibility of implementing the Funeral Director Law.

Based upon this analysis, we sustain Respondent's preliminary objection as to the failure to exhaust administrative remedies. Since this determination is dispositive of Petitioners' action, we need not reach the remaining preliminary objections.

Accordingly, we sustain the preliminary objection pertaining to failure to exhaust administrative remedies and dismiss Petitioners' Petition for Declaratory Judgment.

Judge LEADBETTER did not participate in the decision in this case.

### ORDER

**NOW,** May 22, 2003, the Preliminary Objections of the Department of State, Bureau of Professional and Occupational Affairs, and the State Board of Funeral Directors, pertaining to failure to exhaust administrative remedies, is sustained, and the petition for review is dismissed.

The remaining preliminary objections are dismissed as moot.