IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronnie E. Johnson,                      :
                                        :
                    Petitioner          :
                                        :
           v.                           : No. 285 M.D. 2021
                                        : Submitted: March 25, 2022
Tammy Ferguson, Eastern                 :
Regional Deputy Secretary;              :
Bernadett Mason, Superintendent at      :
SCI-Mahanoy; Teichman, Unit             :
Manager at SCI-Mahanoy D-Block;         :
Goretsky, Sergeant at SCI-Mahanoy       :
D-Block,                                :
                                        :
                    Respondents         :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 8, 2022


           Before the Court are the Preliminary Objections (POs) filed by
Pennsylvania Department of Corrections (DOC) employees Tammy Ferguson
(Ferguson), Eastern Regional Deputy Secretary; Bernadett Mason (Mason),
Superintendent at the State Correctional Institution at Mahanoy (SCI-Mahanoy);
Teichman, Unit Manager at SCI-Mahanoy in D-A Unit on D-Block; and Goretsky,
Sergeant on D-Block at SCI-Mahanoy (collectively, Respondents), to the Petition

for Review (PFR) that Ronnie E. Johnson (Inmate) filed in our original jurisdiction. We dismiss the POs and the PFR as moot.

On August 19, 2021, Inmate filed the instant PFR alleging that Respondents have violated a number of his rights based on their actions in response to the outbreak of the novel coronavirus (COVID-19) pandemic. Specifically, Inmate alleges that Ferguson, Mason, and Teichman violated Sections 27.61[1] and 27.65[2] of the Pennsylvania Department of Health's (DOH) regulations by

---

[1] 28 Pa. Code §27.61. Section 27.61 of DOH's regulations states, in relevant part:

> When the isolation of a person or animal that is suspected of harboring an infectious agent is appropriate, the [DOH] or local health authority shall cause the isolation to be done promptly following receipt of the case report.
>
> (1) If the local health authority is not an [local morbidity reporting office (LRMO)], the local health officer shall consult with and receive approval from the Department prior to requiring isolation.
>
> (2) If more than one jurisdiction is involved, the local health officer shall cause a person . . . to be isolated only after consulting with and receiving approval from the [DOH].
>
> (3) The [DOH] or local health authority shall ensure that instructions are given to the case or persons responsible for the care of the case and to members of the household or appropriate living quarters, defining the area within which the case is to be isolated and identifying the measures to be taken to prevent the spread of disease.

[2] 28 Pa. Code §27.65. Section 27.65 states:

> If the disease is one which the [DOH], or a local health authority which is also an LMRO, determines to require the quarantine of contacts in addition to isolation of the case, the [DOH] or local health officer of the LMRO shall determine which contacts shall be quarantined, specify the place to which they shall be quarantined, and issue appropriate instructions.

**(Footnote continued on next page…)**

2

maintaining outside workers in the D-A Unit on D-Block where Inmate resides. Inmate also asserts that Ferguson, Mason, and Teichman violated the Eighth Amendment to the United States Constitution (Eighth Amendment)[3] and article I, section 13 (article I, §13) of the Pennsylvania Constitution[4] by failing to enforce a routine cleaning plan for the ventilation system in the D-A Unit. Inmate also contends that Mason violated his rights as guaranteed by Section 5901(a)(1) of the

---

(1) When any other local health authority is involved, the local health officer shall quarantine contacts only after consulting with and receiving approval from the [DOH].

(2) The [DOH] or local health officer shall ensure that provisions are made for the medical observation of the contacts as frequently as necessary during the quarantine period.

[3] U.S. Const. amend. VIII. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[4] Pa. Const. art. I, §13. Article I, section 13 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." As this Court has stated:

The phrase "deliberate indifference" is the legal standard by which courts adjudicate cases concerning alleged unconstitutional conditions of confinement brought under the Eighth Amendment to the United States Constitution. The guarantee against cruel and unusual punishment contained in the Pennsylvania Constitution provides no greater protections than that afforded under the Eighth Amendment to the United States Constitution.

In order to establish that DOC was deliberately indifferent to [a petitioner's] health and safety, [the petitioner] must, at a minimum, allege that DOC knew of and disregarded an excessive risk to [his or her] health or safety.

*Jochen v. Horn*, 727 A.2d 645, 649 (Pa. Cmwlth. 1999) (citations omitted).

Prisons and Parole Code (Code)[5] by denying any and all outdoor exercise for a 3-month period, and then providing limited periods of outdoor exercise thereafter. Inmate further claims that Teichman's and Goretsky's failure to wear a mask while working in the D-A Unit, in speaking to prisoners and walking around, placed Inmate at risk of harm to contract and spread COVID-19 in violation of the Eighth Amendment and article I, §13. Finally, Inmate submits that Mason's failure to enforce mask wearing by her staff while indoors led to the few cases of COVID-19 at SCI-Mahanoy that have occurred since May 2021, in violation of the Eighth Amendment and article I, §13. *See* PFR ¶¶7-27.[6]

---

[5] 61 Pa. C.S. §5901(a)(1). Section 5901(a)(1) and(2) states, in relevant part:

**(a) Physical exercise.--**

(1) A chief administrator who may or shall have in charge any inmate, whether the inmate has been tried or not, shall provide the inmate with at least two hours of daily physical exercise in the open, weather permitting, and, upon such days on which the weather is inclement, with two hours of daily physical exercise inside of the correctional institution.

(2) The physical exercise must be safe and practical, and the judges of several courts are to be the judges thereof.

61 Pa. C.S. §5901(a)(1), (2). *See also Rauso v. Sutton* (E.D. Pa., No. 99-cv-2817, filed March 30, 2004), slip op. at 10 ("[T]he [prior version of Code Section 5901] contains no express enforcement provision permitting private suits for money damages, nor has it been applied that way. *DeHart v. Horn*, 694 A.2d 16, 18 (Pa. [Cmwlth]. 1997) (finding inmates' challenge rendered moot and no other remedy allowable under law after exercise yard that had been closed for construction was re-opened)[.]").

[6] In various places in his PFR, Inmate refers generally to other similarly situated inmates and the difficulties that they have experienced in connection with the purported constitutional and statutory violations. However, Inmate does not expressly state that he has brought this action on their behalf, and he has not attempted to characterize the suit as a class action. As such, we conclude that Inmate has commenced this action solely in his individual capacity, and we will not **(Footnote continued on next page…)**

4

Accordingly, Inmate asks this Court to: (1) "Issue a declaratory judgment stating that" Mason's "failure to remove outside workers placed [Inmate] . . . at substantial risk of harm and violated [his] rights under the Eighth Amendment . . . and [a]rticle I, §13 . . . and was a deliberate indifference creating a future injury"; (2) "Issue a declaratory judgment stating that" "Ferguson['s] and Mason's failure to curb the practice of mixing outside workers on the D-A [U]nit with non[-]outside workers violated the Eighth Amendment . . . and [a]rticle I, §13 . . . and constituted negligence under state law"; (3) "Issue a declaratory judgment stating that" "Teichman['s] and Goretsky['s] actions in refusing to wear a mask and being in [Inmate's] face knowingly violat[ed] mandates that can lead to [the] further spread of [COVID-19] constituted a violation of the Eighth Amendment . . . and [a]rticle I, §13 . . . by creating a health and safety risk [under the Disease Prevention and Control Law of 1955, Act of April 23, 1956, P.L. (1955) 1510, *as amended*, 35 P.S. §§521.1-521.21,] to be free from communicable disease"; (4) issue an injunction ordering Mason, or her agents to "[a]llow [Inmate] 2 hours of outdoor exercise 5 days a week"; (5) issue an injunction ordering Teichman and Goretsky to "[w]ear a mask while indoors and speaking to [Inmate] or entering [his] cell[] at [SCI-Mahanoy]"; (6) issue an injunction ordering Mason and Teichman to "[h]ave the cell ventilation system on D-A [U]nit cleaned out to prevent constant dust mites blowing out"; (6) issue an injunction ordering Ferguson and Mason to "[e]nsure that their

---

further address any suggestion that Inmate represents any other similarly situated inmate. *See, e.g.*, *Sigman v. Department of Corrections* (Pa. Cmwlth., No. 456 M.D. 2020, filed April 29, 2021), slip op. at 3 n.4 (noting that although a prisoner/petitioner mentioned similarly situated inmates, he had done so only generally and did not purport to sue on their behalf, and therefore had "sued the [DOC] solely in his individual capacity" and did not file "an impermissible class-action lawsuit"); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. []Non-precedential decisions . . . may be cited for their persuasive value.").

subordinates [who are] unvaccinated and working around [Inmate] are tested every day [that] they come to work and supply them with mask[s]"; (7) issue an injunction ordering Ferguson and Mason to ensure that "[r]outine [m]ental health treatment comes around door[-]to[-]door on D-A [U]nit for wellness check[-]ups"; (8) award the costs of this litigation in the amount of "$250.00 for all certified mail and return receipts to file as well as the copies of the [PFR[7]]"; and (9) "such other relief as it may appear [to which Inmate] is entitled." *See* PFR at 7-8.

---

[7] Section 7538(a) of the Declaratory Judgments Act (DJA) states:

> **(a) General rule.--**Judicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper, subject to Chapter 55 (relating to limitation of time). If an application for supplemental relief is deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a previously entered declaratory judgment or decree to show cause why further relief should not be granted.

42 Pa. C.S. §7538(a). Accordingly, the Superior Court has explained:

> [W]e predict that our [S]upreme [C]ourt would interpret [Section] 7538 to allow a party whose rights have been established by declaratory judgment to file a supplemental application for damages based on the declaratory judgment. This is particularly true in a case such as this, in which the court is exercising its fundamental power to enforce its own order and judgment by entering a damage award. *See Commonwealth v. Shaffer*, [712 A.2d 749, 751 (Pa. 1998)] ("it is axiomatic that a court has inherent power to enforce its own orders of court").
>
> * * *
>
> Based on the foregoing, we therefore find that [Section] 7538 of the DJA authorized [the petitioner] to file a supplemental petition to assess damages based on the declaratory judgment in his favor. We recognize, however, that the legislature has delegated to the trial court the task of determining whether such supplemental

**(Footnote continued on next page…)**

As this Court has previously explained:

> Petitions for declaratory judgments are governed by the provisions of the [DJA], 42 Pa. C.S. §§7531-7541. Although the [DJA] is to be liberally construed, one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. Thus, the [DJA] requires a petition praying for declaratory relief to state an actual controversy between the petitioner and the named respondent.

> Declaratory judgments are not obtainable as a matter of right. Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. As the Pennsylvania Supreme Court has stated:

>> The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are

---

relief is "necessary and proper" in a particular case. 42 Pa. C.S.[] §7538. *See also Paduch*[ *v. City of Johnson City*, 896 S.W.2d 767, 771 (Tenn. 1995)] (before an award of damages can be affirmed, an appellate court must determine whether the damages awarded were "necessary or proper" within the statute).

*Juban v. Schermer*, 751 A.2d 1190, 1194, 1196 (Pa. Super. 2000); *see generally Lucchino v. Department of Environmental Protection*, 809 A.2d 264, 282 (Pa. 2002) ("The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. This general rule has been modified by a variety of statutes that direct the award of costs and counsel fees to the prevailing party.") (citations omitted). However, because Inmate is not entitled to the requested declaratory or injunctive relief, as explained *infra*, the supplemental award of the costs of this litigation would be neither "necessary [n]or proper" under Section 7538(a) of the DJA, 42 Pa. C.S. §7538(a).

essential to the granting of relief by way of declaratory judgment. . . .

Only where there is a real controversy may a party obtain a declaratory judgment.

A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Brouillette v. Wolf*, 213 A.3d 341, 357-58 (Pa. Cmwlth. 2019) (citations omitted).

The docket entries in this case show that, on March 25, 2022, Inmate sent this Court a notice of his change in address to SCI-Fayette in LaBelle, Fayette County. There is no allegation in this filing that the move of Inmate's housing by the DOC was prompted by, or in retaliation for, the filing of the instant PFR.

As this court has recently explained:

[C]ases presenting mootness problems[8] involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way-changes in the facts or in the law-which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

*In re Gross*, 382 A.2d 116, 119 (Pa. 1978) (citation omitted).

---

[8] *See, e.g.*, *Department of Public Welfare v. Kallinger*, 615 A.2d 730 (Pa. 1990) ("AND NOW, . . . the Court, *sua sponte*, dismisses this appeal as moot."); *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) ("[W]e may *sua sponte* raise the issue of mootness as 'courts cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given."' *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted)[.]").

A federal court of appeals has explained:

> The touchstone of the mootness inquiry is whether the controversy continues to "touch [] the legal relations of parties having adverse legal interests" in the outcome of the case. *DeFunis v. Odegaard*, 416 U.S. 312, 317 [(1974)] (per curiam) (quoting *Aetna Life Ins*[*urance*] *Co. v. Haworth*, 300 U.S. 227, 240-41 [(1937)]). This "legal interest" must be more than simply the satisfaction of a declaration that a person was wronged. *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 [(1977)] (per curiam) (holding that a claim for declaratory relief is moot when no "present right" is involved and the primary interest is the emotional satisfaction from a favorable ruling).
>
> It is well established that what makes a declaratory judgment action "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion is [] the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 [(1987)]; *see also Rhodes v. Stewart*, 488 U.S. 1, 4 [(1988)] (per curiam) (explaining that as the plaintiffs are no longer in prison, their case against prison officials is moot). Hence, this court has explained that a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

*Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citation omitted).[9] *See also Chasan v. Platt*, 244 A.3d 73, 84 (Pa. Cmwlth. 2020), *appeal denied*, 253 A.3d 679 (Pa. 2021) ("At its core, the purpose of declaratory relief is to address an imminent dispute or actual

---

[9] *See, e.g.*, *Cole v. Pennsylvania Department of Environmental Protection*, 257 A.3d 805 813 (Pa. Cmwlth. 2021) (stating that although the opinions of lower federal courts are not binding on this Court, "such decisions in factually similar cases with persuasive legal analysis may inform our disposition of the matter before us").

controversy. The judicial acts that [the l]awyer complains of are in the past, such that the declaration would not aid in resolution of a current or imminent dispute.").

*Markham v. Wolfe* (Pa. Cmwlth., No. 176 M.D. 2015, filed October 20, 2021), slip op. at 11-12 (footnote omitted and emphasis in original).

Because Inmate is no longer housed at SCI-Mahanoy, the claims raised against the named parties have been rendered moot. Because Inmate has not raised any claims against a DOC employee with statewide superintendence, any and all claims for declaratory and injunctive relief raised herein are limited to individuals and facilities in the eastern part of the Commonwealth in general, and SCI-Mahanoy in particular. As a result, even if we were to determine that Inmate's substantive legal claims have merit, any alleged wrongs for which Inmate seeks redress are in the past, and would not and cannot be corrected with respect to his current housing at SCI-Fayette. In sum, based on the change in circumstances of this matter and the applicable law, we cannot grant the declaratory or injunctive relief that has been requested in this case.[10]

Accordingly, Respondents' POs and Inmate's PFR are dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

---

[10] The Supreme Court has stated: "We have reviewed moot matters, in our discretion, when the issue presented is one of great public importance or is one that is capable of repetition yet evading review." *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board*, 8 A.3d 300, 305 (Pa. 2010). However, there is no indication in the pleadings of this matter that any of the exceptions to the mootness doctrine are present. Should Inmate find that the conditions of his confinement at SCI-Fayette have become constitutionally or statutorily deficient, he may again seek redress in this Court at that time.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Ronnie E. Johnson, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 285 M.D. 2021 |
| | : |
| Tammy Ferguson, Eastern | : |
| Regional Deputy Secretary; | : |
| Bernadett Mason, Superintendent at | : |
| SCI-Mahanoy; Teichman, Unit | : |
| Manager at SCI-Mahanoy D-Block; | : |
| Goretsky, Sergeant at SCI-Mahanoy | : |
| D-Block; | : |
| | : |
| Respondents | : |

# **O R D E R**

AND NOW, this 8th day of August, 2022, the Petition for Review filed by the Petitioner and the Preliminary Objections filed by the Respondents are DISMISSED as moot.

_____

MICHAEL H. WOJCIK, Judge