539 A.2d 1

James L. Spooner, d/b/a The Bentley Club, Ltd., and Cecilia Shuller et al., as Representatives of a Class *v.* Secretary of The Commonwealth of Pennsylvania et al., Respondents.

Submitted on briefs December 14, 1987, to Judges MACPHAIL, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Michael A. Dillon,* with him, *William R. Balaban, Balaban and Balaban,* for petitioners.

*Mary Martha Truscel,* Assistant Counsel, with her, *Michael L. Harvey,* Deputy Attorney General, *Andrew S. Gordon,* Chief Deputy Attorney General, *Leroy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, March 11, 1988:

James L. Spooner (Spooner), d/b/a The Bentley Club, Ltd., et al. (Petitioners)[1] have filed a petition for review addressed to this Court's original jurisdiction seeking a declaratory judgment that the Department of Environmental Resources (DER) is without authority to enforce its regulation found at 25 Pa. Code §193.42 which requires a lifeguard to be at poolside at public swimming places licensed by DER. The Department of Labor and Industry and DER (Respondents) filed preliminary objections asserting that since Petitioners were seeking review of DER's enforcement orders this Court lacks original jurisdiction because Petitioners have an adequate statutory remedy which is an appeal of DER's enforcement orders to the Environmental Hearing Board (EHB) and ultimately to this Court.[2] Respondents also filed a demurrer. On October 27, 1987, Senior Judge BUCHER, as duty Judge, overruled the preliminary objection with respect to this Court's original jurisdiction but did not address Respondents' demurrer. At Respondents' request, we granted reconsideration.

For the reasons which follow, we now overrule both Respondents' preliminary objections regarding this Court's original jurisdiction and Respondents' demurrer.

Petitioners represent in their brief that this case represents a ten-year, ongoing dispute between Petitioners and DER regarding the proper interpretation of

---

[1] Petitioners in this action include Mr. Spooner, owner of the Bentley Club, and a class of members of the club who regularly use the club's pool.

[2] Section 1921-A(a) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(a), provides that "[t]he Environmental Hearing Board shall . . . hold hearings and issue adjudications . . . on any order, permit, license or decision of the Department of Environmental Resources."

the Public Bathing Law (PBL), Act of June 23, 1931, P.L. 899, *as amended,* 35 P.S. §§672-680d.[3] Petitioners contend that the PBL provides no authority, either implied or express, under which DER could promulgate its lifeguard regulation and therefore the regulation is invalid. Petitioners also argue that DER's issuance of enforcement orders without a prior hearing violates their right to due process.

Respondents maintain that the regulation is properly promulgated pursuant to the PBL and it has issued enforcement orders to Spooner pursuant to the regulation.[4]

Respondents' preliminary objections can be summarized as follows: (1) Petitioners have an adequate statutory remedy, an appeal of DER's enforcement orders to

[3] Petitioners have also asked this Court to construe other statutes and they have raised several constitutional arguments. However, our review of the petition for review reveals that Petitioners' primary argument is that the PBL does not provide authority for the promulgation of DER's lifeguard regulation.

[4] Respondent's brief indicates that on March 6, 1987, DER issued an enforcement order suspending Petitioners' permit to operate the indoor pool for 30 days because an inspection revealed that no lifeguard was on duty at Petitioners' indoor pool and weekly tests for bacteria in the pool had not been conducted. The parties negotiated a settlement agreement limiting that suspension to 14 days; however, a subsequent DER inspection conducted on June 3, 1987 revealed that again no lifeguard was on duty at the indoor pool and, therefore, pursuant to the terms of the parties' settlement agreement, DER suspended Petitioners' permit to operate the pool for 60 days. Petitioners appealed the 60-day suspension order to the Environmental Hearing Board. During the pendency of that proceeding, Petitioners completed construction of an outdoor pool and applied to DER for a permit which application was denied based on Petitioners' history of violations in the operation of the indoor pool.

As part of the settlement of the preliminary relief portion of this case, DER agreed to consider a new application for a permit for Petitioners' outdoor pool and currently Petitioners have valid permits for both the indoor and outdoor pools.

the EHB and then to this Court, which they must strictly pursue, (2) the Declaratory Judgments Act[5] specifically provides that relief is not available under it with respect to any proceeding within the exclusive jurisdiction of a tribunal other than a court and, (3) the petition for review fails to state a claim upon which relief may be granted.

Petitioners maintain that their statutory remedy of an appeal of DER's enforcement orders is not appropriate here because they are not appealing an order or decision of DER but rather, are seeking construction of the PBL which they argue the EHB is not competent to do. Petitioners also argue that their statutory remedy is inadequate because they have raised constitutional issues.

We turn now to Respondents' first preliminary objection, that Petitioners may not invoke this Court's original jurisdiction because they have an adequate statutory remedy which is an appeal of DER's enforcement orders to the EHB.

It is clear that at the time the instant petition for review was filed there were three DER enforcement orders pending against Spooner and that Petitioners had appealed those orders to EHB. The petition for review, however, clearly requests construction of the PBL, and other related statutes and does not seek review of those enforcement orders. Moreover, Respondents argue that since permits were subsequently issued, those orders are now moot. Petitioners agree and hasten to add that their challenge to DER's interpretation of the PBL is still existent. Since it is clear that Petitioners' instant action does not involve an appeal of a DER order, Petitioners are not required to pursue their statutory reme-

---

[5] Declaratory Judgments Act, *as amended*, 42 Pa. C. S. §§7531-7541.

dy. Accordingly, Respondents' first preliminary objection is overruled.

Respondents' next preliminary objection, that declaratory relief is not available because this is properly a proceeding within the exclusive jurisdiction of a tribunal other than a court must also be overruled.

The Declaratory Judgments Act (DJA), 42 Pa. C. S. §7541(c)2 and 3, provides:

(c) Exceptions—Relief shall not be available under this subchapter with respect to any:

. . . .

(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

(3) Proceeding involving an appeal from an order of a tribunal.

Inasmuch as we have already determined that Petitioners are not seeking here review of DER's enforcement orders but rather are asking us to construe the PBL, we do not believe that this action represents either a proceeding within the exclusive jurisdiction of DER or a proceeding involving an appeal from an order of DER.

Further, we note that Section 7541(a) of the DJA, 42 Pa. C. S. §7541(a), provides that it is remedial legislation and its purpose is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed. . . ." Section 7533 of the DJA, 42 Pa. C. S. §7533 provides in relevant part "[a]ny person . . . affected by a statute, . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Section 7537 of the DJA, 42 Pa. C. S. §7537 provides that "[t]he court may refuse to render . . . a declaratory judgment . . . where

such judgment . . . would not terminate the uncertainty or controversy giving rise to the proceeding. . . ."

In the present case, we believe there exists a current and ongoing controversy and that the declaratory relief requested would end that controversy. Further, Petitioners have raised a question as to the construction of a statute which we believe is an issue appropriately addressed under the DJA.[6] Accordingly, we reject Respondents' second preliminary objection and conclude that this action is proper in our original jurisdiction.

We turn now to Respondents' demurrer. Respondents assert that Petitioners have failed to state a claim upon which relief may be granted because, they say, it is clear, *inter alia*, that DER had authority to promulgate the challenged lifeguard regulation and DER has authority to enforce the PBL.

---

[6] We note that Petitioners have not attacked the constitutionality of the PBL itself which is one type of challenge to a statute in which we have rendered declaratory judgments. *See Allegheny Ludlum Steel Corp. v. Pennsylvania Public Utility Commission,* 67 Pa. Commonwealth Ct. 400, 447 A.2d 675 (1982), *aff'd,* 501 Pa. 71, 459 A.2d 1218 (1983). We feel that jurisdiction under the Declaratory Judgments Act is appropriate in this case, however, since we do not believe that any agency is the proper body to determine whether it has authority under a statute to promulgate certain regulations. Clearly, the fact that DER did promulgate the challenged regulation under the PBL in this case indicates that it believed it had the power to do so. *See also Pennsylvania Ass'n of Life Underwriters v. Department of Insurance,* 29 Pa. Commonwealth Ct. 459, 371 A.2d 564 (1977), *aff'd,* 482 Pa. 330, 393 A.2d 1131 (1978), where we took original jurisdiction of a case to determine whether the Pennsylvania Insurance Commissioner had authority under The Insurance Unfair Practices Act, Act of June 5, 1947, P.L. 445, *formerly,* 40 P.S. §§1151—1162, repealed by Section 15 of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, *as amended,* 40 P.S. §1171.15, to promulgate certain regulations.

In ruling on a demurrer, we must consider as admitted, all well pled factual matters and we must keep in mind "that a demurrer may be sustained only where the law says with certainty that no recovery is permitted and . . . if there is any doubt about sustaining a demurrer, that doubt should be resolved in favor of overruling it." *Pennsylvania State Education Ass'n v. Department of Public Welfare*, 68 Pa. Commonwealth Ct. 279, 281, 449 A.2d 89, 91 (1982).

Our review of the PBL discloses that it is primarily concerned with water quality and methods of obtaining permits. *See* Sections 675 and 676 of the PBL, 35 P.S. §§675-676. The PBL contains no express requirement that a lifeguard be present at public bathing premises licensed by DER. However, DER is given power under the PBL to inspect all public bathing places for unsanitary conditions of the water and for any other hazards or dangers. *See* Section 679 of the PBL, 35 P.S. §679. We note also that the question of whether DER has authority under the PBL to promulgate its lifeguard regulation was specifically raised but not resolved in *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986). Although that case was decided on other grounds, our Supreme Court recognized that it was questionable whether or not DER had authority under the PBL to promulgate its lifeguard regulation. *Id.* at 18-19, 507 A.2d at 10.

Accordingly, we cannot say with certainty that Petitioners will not prevail in their litigation and we must therefore overrule Respondents' demurrer.

ORDER

Respondents' preliminary objections in the above-captioned matter are overruled. Respondents shall have thirty (30) days from the date of this order to file an answer to the petition for review, should they desire to do so.